```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

EUGENE JELKS, JR.,            §
SPN #01266838,                §
                              §
            Plaintiff,        §
                              §
v.                            §   CIVIL ACTION NO. H-06-1589
                              §
ATTORNEY LAYTON DUER,         §
                              §
            Defendant.        §

## MEMORANDUM OPINION AND ORDER

Harris County Jail Inmate Eugene Jelks, Jr., has filed a civil rights complaint against his court-appointed attorney, Layton Duer. The court will dismiss the complaint because the claims have no basis in law.

### I.  Claims and Allegations

Jelks, who is currently a detainee at the Harris County Jail, complains that Duer has provided ineffective representation in a pending criminal matter. He alleges that Duer lied to him about his work on the case. Duer is purported to have told Jelks that he filed several motions for reduction of bond when in fact none were presented to the court for ruling. Jelks argues that he has been denied his right to effective counsel as guaranteed by the United States Constitution.

## II.  Analysis

To state a claim under section 1983 the plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and must demonstrate that the alleged deprivation was committed by a state actor.  Leffall v. Dallas Independent School District, 28 F.3d 521 (5th Cir. 1994).  Duer cannot be sued under section 1983 because he is not a state actor.  Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), citing Polk County v. Dodson, 102 S.Ct. 445, 453-54 (1981).  A private attorney might be held liable if he conspired with state officials to violate the plaintiff's civil rights.  Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).  However, Jelks's complaint does not contain any facts that would establish such a claim, and he cannot establish a conspiracy based on mere speculation.  Id.

Apart from filing a civil rights complaint against a party who is immune to such a suit, Jelks is apparently involved in a pending state court criminal proceeding.  Federal courts cannot interfere in such matters except under extraordinary circumstances.  Younger v. Harris, 91 S.Ct. 746, 750-51 (1971).  See, e.g., Stringer v. Williams, 161 F.3d 259 (5th Cir. 1999) (violation of double jeopardy clause); Gerstein v. Pugh, 95 S.Ct. 854 (1975) (no probable cause hearing following arrest); Fassler v. United States, 858 F.2d 1016 (5th Cir. 1989) (defendant under pressure to plead guilty); Simon v. Woodson, 454 F.2d 161 (5th Cir. 1972) (arbitrary

denial or revocation of pretrial bail); Tooten v. Shevin, 493 F.2d 173 (5th Cir. 1974) (unconstitutional state penal statute); Braden v. 30th Judicial Court of Kentucky, 93 S.Ct. 1123 (1973) (denial of speedy trial).  See generally, Hertz & Liebman, Federal Habeas Corpus Practice and Procedure, § 5.3 (1998).  Jelks has not presented any facts that show that he is entitled to such intervention.

If Jelks has actually been convicted of a crime, his claims would be barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994), because he would be presenting allegations that undermine a state district court's judgment in which he was found guilty of committing a crime.  Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) (claims of ineffective assistance of counsel challenge the validity of the conviction or sentence), citing Strickland v. Washington, 104 S.Ct. 2052 (1984).  In any event, Jelks should seek relief from state criminal prosecution by filing a petition for a writ of habeas corpus before filing a civil rights complaint.  Preiser v. Rodriquez, 93 S.Ct. 1827, 1833 (1973).

Jelks has filed this action as a pauper.  An in forma pauperis complaint may be dismissed by the court if the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  Such a complaint is frivolous if it lacks an arguable basis in law.  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).  This complaint will be dismissed because it is frivolous.

### III.  Application to Proceed In Forma Pauperis

Jelks's Application to Proceed <u>In Forma Pauperis</u> will be granted.  Jelks is not required to prepay the entire filing fee, but he is obligated to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b).  The TDCJ Inmate Trust Fund will be ordered to withdraw $6.00 from Jelks's trust account.  Thereafter, the Inmate Trust Fund shall deduct 20 percent of each deposit made to Jelks's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### IV.  Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Harris County Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. This complaint, filed by Harris County Jail Inmate Eugene Jelks, Jr., SPN #01266838, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

4. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; Sgt. M.E.

McKinney, Harris County Jail Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002-1978; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2006.

```
                    _____
                              SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```